UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD BIRCH** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL** | **NO. 05-1412-A-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 21, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD BIRCH                                                    CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                               NO. 05-1412-A-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Reginald Birch ("Birch"). The Court previously issued two reports and recommendation relative to Birch's habeas petition on January 31, 2007 and May 22, 2007, wherein it was recommended that Birch's petition should be dismissed as untimely pursuant to 28 U.S.C. §2244(d)(1)(A). (R. Doc. 15.)[1] In response to the undersigned's second report, Birch filed objections and submitted additional information relative to the issue of timeliness of his habeas petition which had not been presented to the undersigned for consideration in connection with the January 31, 2007 or the May 22, 2007 reports. Accordingly, the District Judge referred the matter back to the undersigned for further consideration in light of that newly presented information. (R. Doc. 20.)

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d)(1), sets forth a one-year limitations period for the filing of a writ of habeas corpus by a person in state custody. 28 U.S.C. §2244(d); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). The limitations period commences on the date the judgment of conviction in question becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under that subsection. 28 U.S.C. §2244(d)(2).

1

A review of the additional evidence submitted by Birch with his most recent objections indicates that his habeas petition is timely. Specifically, based upon the information submitted, the Court finds that Birch's conviction and sentence on two counts of aggravated rape became final ninety (90) days after the Louisiana Supreme Court denied writs on his direct appeal,[2] or on December 12, 2002, because Birch did not file a request for a writ of certiorari with the United States Supreme Court.[3] Approximately two hundred forty-six (246) days passed from December 12, 2002 until the date Birch filed his post-conviction relief application in the state trial court on August 15, 2003. The state trial court denied that post-conviction relief application on August 5, 2004.

With his objections to the Court's most recent report, Birch has submitted a revised "chart" indicating that he filed a writ application with the Louisiana First Circuit Court of Appeal relative to his post-conviction relief application on August 8, 2004. That date does not appear accurate based upon the additional evidence Birch has submitted. Specifically, Birch has submitted a form entitled "Inmate's Request for Legal/Indigent Mail" which is dated August 31, 2004 and made out to the Clerk of Court for the Louisiana First Circuit Court of Appeal. While that form is not dated August 8, 2004, it nevertheless indicates that Birch mailed his writ application to the First Circuit within thirty (30) days of the trial court's denial of his post-conviction relief application.

The First Circuit Court of Appeal then denied Birch's writ application on November 17, 2004, and Birch has now presented additional evidence indicating that he timely mailed

---

[2] The Louisiana Supreme Court denied writs on September 13, 2002. *State v. Birch*, 2002-0580 (La. 9/13/02), 824 So.2d 1186.

[3] *See, Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

his writ application to the Louisiana Supreme Court on December 15, 2004. *See*, "Inmate's Request for Legal/Indigent Mail" form dated December 15, 2004; Inmate Withdrawal Request dated December 14, 2004. The Louisiana Supreme Court later denied Birch's writ application on November 29, 2005.[4] Birch then filed the present habeas petition within one (1) month's time, on December 19, 2005. Accordingly, based upon the new evidence submitted by the petitioner, his present habeas petition, which was filed on December 19, 2005, appears to have been timely filed within the one (1) year period provided in 28 U.S.C. §2244(d).

In addition, the other procedural argument posed by the State in its opposition to Birch's habeas petition also appears to be without merit. Specifically, the State argued that Birch failed to exhaust his administrative remedies under 28 U.S.C. § 2254(b)(1) because he failed to file a writ application with the First Circuit Court of Appeal relative to his post-conviction relief application. Given that new evidence indicates Birch timely filed writ applications with both the First Circuit Court of Appeal and the Louisiana Supreme Court relative to his post-conviction relief application, his habeas petition should not be dismissed for failure to exhaust state court remedies.

Accordingly, because Birch's complaint should not be dismissed on procedural grounds, the Court finds that its prior recommendations should be vacated and that the district court should enter an Order directing the State to submit arguments concerning the merits of Birch's habeas petition since the State's prior opposition only addressed dismissal of Birch's claim for procedural reasons. The undersigned will then consider the arguments

---

[4] *See, State ex rel. Birch v. State*, 2005-0060 (La. 11/29/05), 916 So.2d 164.

of both parties and issue another report and recommendation concerning the merits of this matter.

## **RECOMMENDATION**

For the above reasons, it is recommended that the prior reports and recommendation dated January 31, 2007 and May 22, 2007 be **VACATED**, considering the newly submitted evidence by petitioner, and that the district judge order the State to submit arguments concerning the merits of Birch's habeas petition within 45 days from ruling on this Report and Recommendation.

Signed in chambers in Baton Rouge, Louisiana, June 21, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**